# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: April 23, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| VAUGHN COSTELLO, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 23-1228V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Ruling on Entitlement; Concession; |
| AND HUMAN SERVICES, | * | Table Injury; Tetanus-Diphtheria- |
| | * | Acellular-Pertussis ("Tdap") Vaccine; |
| Respondent. | * | Brachial Neuritis. |
| | * | |
| * * * * * * * * * * * * * | * | |

Renee J. Gentry, Law Office of Renee J. Gentry, Washington, DC, for Petitioner.
Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On August 3, 2023, Vaughn Costello ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that he developed brachial neuritis in his right shoulder resulting from an influenza ("Flu") vaccination he received on November 11, 2021. Petition at Preamble (ECF No. 1). Petitioner also received a tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine on November 11, 2021, but he did not allege any injury stemming from the Tdap vaccine. Id. at ¶ 5.

---

[1] Because this Ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

On February 12, 2024, Respondent filed his initial Rule 4(c) report, arguing against compensation. Respondent's Report ("Resp. Rept.") (ECF No. 19). Petitioner had not alleged a Table injury and, in Respondent's view, had failed to assert a valid causation-in-fact claim. Id. at 7-9. On March 13, 2024, Petitioner filed an amended petition to claim injury from both the flu and Tdap vaccines. Amended Petition at Preamble (ECF No. 21). Specifically, he requested compensation for "brachial neuritis resulting from adverse effects of a [Tdap] vaccination, and [flu] vaccination received on November 11, 2021." Id.

On April 24, 2023, Respondent filed an amended Rule 4(c) report in which he concedes that Petitioner is now entitled to compensation in this case based on the amended claim. Amended Resp. Rept. at 1 (ECF No. 27). Based on a review of the medical records, Respondent states that Petitioner "has satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation for brachial neuritis resulting from his Tdap vaccine."[3] Id. at 7. Specifically, Respondent states that the pain in Petitioner's right arm and shoulder was a presenting symptom and occurred between two and 28 days after vaccination; EMG/NCS studies showed that Petitioner's injury was localized to the brachial plexus; physical examination and EMG/NCS studies were consistent in confirming that Petitioner's dysfunction was attributable to the brachial plexus; and no other condition or abnormality can explain Petitioner's symptoms. Id. at 7-8. Therefore, Petitioner is entitled to compensation for his Table injury of brachial neuritis and its sequelae. Id. at 8.

A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. § 300aa-13; Vaccine Rule 8(d). In light of Respondent's concession and a review of the record, the undersigned finds Petitioner is entitled to compensation. This matter will now proceed to the damages phase.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Brachial neuritis is not a presumptive Table injury for the flu vaccine. To the extent that Petitioner claims injury from the flu vaccine administered on November 11, 2021, Respondent maintains that petitioner has not established a causation-in-fact claim. Amended Resp. Rept. at 7 n.5.

2